```
                      UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
CHRISTOPHER WALKER,                )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   C.A. No. 23-057 WES
                                   )
IHI POWER SERVICES CORP.; and      )
JOHN and JANE DOES 1-10,           )
                                   )
         Defendants and Third-     )
         Party Plaintiff,          )
                                   )
    v.                             )
                                   )
MASS. ELECTRIC CONSTRUCTION CO.,   )
                                   )
         Third-Party Defendant.    )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Third-Party Defendant Mass. Electric Construction Co.'s ("MECC") Motion to Dismiss Count II of Defendant/Third-Party Plaintiff IHI Power Services Corp.'s ("IHI") Complaint, ECF No. 30. See Am. Third-Party Compl. ("TPC") ¶¶ 29-37, ECF No. 29 (bringing Breach of Insurance Procurement Obligation claim). MECC moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, arguing that it complied with its obligation to procure insurance and, thus, did not breach its duty under the relevant contract. See MECC's Mot. Dismiss Count Two IHI Compl.

("MECC Mot.") 2, ECF No. 30. For the reasons below, MECC's Motion is GRANTED.[1]

**I. BACKGROUND**

Walker, an employee of MECC, was injured from an electric shock while performing work on a generator at the Manchester Street Power Station ("MSPS") in Providence, Rhode Island on April 21, 2022. Compl. ¶¶ 14-16, 26, ECF No. 1. Walker alleges IHI is responsible for his injuries because of its negligence in managing, operating, and maintaining the generator. See id. ¶¶ 20-24, 27-

---

[1] IHI avers that the Court can quickly dispose of MECC's Motion under the "law of the case" doctrine. Mem. Supp. IHI Obj. MECC's Mot. Dismiss ("IHI Opp'n") 1-2, ECF No. 31-1. According to IHI, the Court already considered and rejected MECC's arguments concerning Count II of the Amended Third-Party Complaint ("TPC") when it granted IHI's motion for leave to amend, meaning the issue has been decided. See id.; IHI Mot. Leave File Am. TPC, ECF No. 26; Text Order (Jan. 9, 2024). Under the doctrine, a court's "decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). The doctrine limits a court's discretion - not its authority - to decide issues where it would be "improper for a court to depart from a prior holding if . . . it is clearly erroneous and would work a manifest injustice." Id. at 618 & n.8. But the doctrine is not implicated by interlocutory orders as they "do not constitute the law of the case." Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994). Courts are within their discretion to revise interlocutory rulings. United States v. Tejeda, 481 F.3d 44, 57 (1st Cir. 2007). Here, the Court's decision to grant IHI's motion for leave does not prevent the Court from considering the instant motion. See Hypertherm, Inc. v. Am. Torch Tip Co., No. 05-cv-373-JD, 2007 WL 2695323, at *3 (D.N.H. Sept. 11, 2007); Ashcroft v. Dep't of Corrs., No. 05CV488, 2007 WL 1989265, at *6 (W.D.N.Y. July 6, 2007) ("The decision to grant leave to amend is in no way a decision on the ultimate merits of the parties' claims." (citation omitted)).

2

48. IHI admits that it was responsible for managing, operating, and maintaining the MSPS. See Answer ¶¶ 2, 8-11, 17-19, 21, ECF No. 5.

At the time of Walker's injuries, IHI had a contract with MECC, through a purchase order, in which IHI purchased electrical shop support services for the MSPS. TPC ¶¶ 4-5; Compl. ¶ 12. Walker was performing maintenance work at the MSPS as part of this contract. TPC ¶ 7; Compl. ¶¶ 15-16. Section 10 of the contract requires MECC to procure insurance on behalf of IHI. TPC ¶ 30; Ex. B TPC, Purchase Order Terms and Conditions ("Terms and Conditions") 4, ECF No. 29-2. The relevant portion of the section concerning insurance coverage states:

> **INSURANCE:** [MECC] shall maintain insurance with minimum limits as follows: . . . (b) commercial general liability insurance with a limit of $1,000,000 per occurrence and $2,000,000 in the aggregate; . . . Insurance is to be maintained on an occurrence basis, be placed with insurers rated "A-VII" or better by A.M. Best's rating service, and contain a separation of insured clause. . . . [IHI] Indemnitees shall be additional insured on a primary and noncontributory basis with respect to all [MECC] liability policies for on-going and completed operations. All [MECC] insurance policies shall include a waiver of subrogation in favor of [IHI] Indemnitees. . . . In no event will [MECC]'s obligation to maintain insurance limit or diminish [MECC]'s obligations or liability to [IHI].

TPC ¶ 30; Terms and Conditions 4.[2]

---

[2] IHI suggests that, because MECC's argument relies on documents outside of the pleadings, its motion to dismiss should be viewed as a motion for summary judgment. IHI Opp'n 2. The Court, however, may consider the relevant contract here without

3

As required under the contract, MECC added an "additional insured on a primary and noncontributory basis with respect to all [MECC] liability policies for ongoing and completed operations" when Old Republic Insurance Company ("Old Republic") issued a Commercial General Liability insurance policy to MECC. TPC ¶ 31; see id. ¶¶ 32-33. According to IHI, the endorsement titled "Additional Insured – Owners, Lessees or Contractors - Scheduled Person or Organization"[3] is the applicable policy.[4] The endorsement identified additional insured parties as:

> Any person or organization whom you are required in a written contract or written agreement to add as an additional insured on this policy and for whom no other endorsement on this policy provides additional insured status.

IHI's Answer Pl.'s Am. Compl. Declaratory J., Countercl., & Third-Party Compl. ("IHI Countercl.") 5, Old Republic Ins. Co. v. Walker,

---

converting the motion to dismiss to a motion for summary judgment because the "factual allegations are expressly linked to — and admittedly dependent upon — [the contract] (the authenticity of which is not challenged)," such that the contract "effectively merges into the pleadings." Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998).

[3] IHI's Answer Pl.'s Am. Compl. Declaratory J., Countercl., & Third-Party Compl. ("IHI Countercl.") 5-6, Old Republic Ins. Co. v. Walker, No. 1:23-cv-00491 WES (D.R.I. Dec. 13, 2023), ECF No. 7; see DX9, Endorsement B, Old Republic Ins. Co. v. Walker, No. 1:23-cv-00491 WES (D.R.I. Mar. 13, 2024), ECF No. 28-10.

[4] IHI Countercl. 5; see TPC ¶¶ 32-33. Although not relevant to this decision, IHI's position that Endorsement B applies was rejected by the Court in a separate order. See Mem. & Order 19-20, Old Republic Ins. Co. v. Walker, No. 1:23-cv-00491 WES (D.R.I. Aug. 27, 2024), ECF No. 46.

No. 1:23-cv-00491 WES (D.R.I. Dec. 13, 2023), ECF No. 7; DX9, Endorsement B, Old Republic Ins. Co. v. Walker, No. 1:23-cv-00491 WES (D.R.I. Mar. 13, 2024), ECF No. 28-10.

In response to Walker's lawsuit, IHI tendered its defense and indemnification to Old Republic. TPC ¶ 34. Old Republic rejected IHI's tender because "there is no coverage for IHI as required by contract."[5] Id. ¶ 35. Specifically, Old Republic denied coverage because Old Republic determined that

> IHI's liability in this lawsuit is based upon its own negligence . . . . As such, no additional insured coverage is triggered or available for IHI.

IHI Countercl. 6. This rejection by Old Republic, according to IHI, constitutes a breach by MECC of its insurance procurement obligation, requiring MECC to "defend and indemnify IHI to the extent of the insurance coverage it had in place at the time of

---

[5] Old Republic filed a declaratory judgment action concerning its obligations to defend and indemnify IHI in this action (hereinafter the "Declaratory Judgment Action"). See generally Am. Compl. Declaratory J., Old Republic Ins. Co. v. Walker, No. 1:23-cv-00491 WES (D.R.I. Nov. 21, 2023), ECF No. 4. MECC is listed as a Named Insured under the Broad Form Named Insured Endorsement as part of Old Republic's policy with Peter Kiewit Sons', Inc. Id. ¶ 10. Old Republic alleges it has "no duty to defend and/or indemnify IHI under the additional insured endorsement." Id. ¶ 11. Specifically, Old Republic contends that the Complaint in this action "fails to trigger coverage under the insuring agreement because it does not allege any causal connection between the acts and/or omissions of MECC and Walker's injuries." Id. ¶ 24. IHI filed a counterclaim against Old Republic contending the opposite – that Old Republic wrongfully refused to defend and indemnify IHI and that such a denial constitutes bad faith regarding its insured, IHI. See IHI Countercl. 4-8.

5

entering into the contract, as if IHI had been properly named as an additional insured thereunder." TPC ¶ 37.

## II. STANDARD OF REVIEW

A complaint must state a claim that is "plausible on its face" to survive a motion to dismiss under Rule 12(b)(6) and proceed to discovery. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).

When determining whether a complaint satisfies the plausibility standard, a court must assume the truth of all well-pleaded facts and "give the plaintiff the benefit of all reasonable inferences." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). This presumption, however, does not extend to bare legal conclusions. Iqbal, 556 U.S. at 678. Indeed, "a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.'" Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) (citation omitted) (quoting Rodriguez-Ortiz

6

v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007)). If the well-pleaded facts only offer an inference of liability but cannot reach the level of supporting a plausible claim, the court must dismiss the complaint. Iqbal, 556 U.S. at 679.

A federal court sitting in diversity must apply state substantive law. Shay v. Walters, 702 F.3d 76, 79 (1st Cir. 2012) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)); Barkan v. Dunkin' Donuts, Inc., 627 F.3d 34, 39 n.9 (1st Cir. 2010) (explaining that state law governs breach of contract claims). Neither party disputes that Rhode Island law applies. When the Rhode Island Supreme Court has not ruled on an issue, the federal courts are instructed to predict what path the state court would most likely travel, accounting for the precedents of other jurisdictions. See Mu v. Omni Hotels Mgmt. Corp., 882 F.3d 1, 9 (1st Cir. 2018); Liberty Mut. Ins. Co. v. Met. Life Ins. Co., 260 F.3d 54, 65 (1st Cir. 2001).

**III. DISCUSSION**

Where there is a contract with unambiguous terms, it is the Court's role to apply those terms as written. A.F. Lusi Const., Inc. v. Peerless Ins. Co., 847 A.2d 254, 258 (R.I. 2004). To that end, the Court must review the contract in its entirety and give contractual language its "plain, ordinary, and usual meaning." Id. (quoting W.P. Assocs. v. Forcier, Inc., 637 A.2d 353, 356 (R.I. 1994)). The Court must also consider the parties' intent as

7

"expressed by the language of the contract." Bliss Mine Road Condo. Ass'n v. Nationwide Prop. and Cas. Ins. Co., 11 A.3d 1078, 1083-84 (R.I. 2010). A contract term is only ambiguous if the Court's review evinces "more than one rational interpretation." A.F. Lusi, 847 A.2d at 258.

Turning to the section on insurance in MECC and IHI's purchase order, MECC is obligated to "maintain . . . commercial general liability insurance with a limit of $1,000,000 per occurrence and $2,000,000 in the aggregate." Terms and Conditions 4. It further specifies that "[IHI] Indemnitees shall be additional insured on a primary and noncontributory basis with respect to all [MECC] liability policies for on-going and completed operations." Id. There is no additional language concerning the kind or amount of coverage MECC had to obtain for IHI as an additional insured. On this, the contract is silent.

IHI does not allege that MECC did not fulfill its obligations under the contract in maintaining commercial general liability coverage. See TPC ¶ 33 ("[MECC] has identified Old Republic as the primary General Liability insurer with whom it maintained insurance for IHI consistent with Section 10 of the contract referenced above."); id. ¶ 32; IHI Countercl. 4-5. Instead, IHI alleges that there was a breach of contract when Old Republic denied IHI's tender of the defense and indemnification in this litigation. TPC ¶¶ 35, 37. Under IHI's theory, in Old Republic's

8

absence, MECC must act as IHI's insurer "as if IHI had been properly named as an additional insured thereunder." Id. ¶ 37.

IHI's reasoning goes beyond what is required by the terms of the contract. There is no language in the contract suggesting that MECC must defend and indemnify IHI in the event IHI is denied coverage. Indeed, "[a]n agreement to obtain insurance is not an agreement of insurance and a person promising to obtain insurance does not by that promise become an insurer although he may assume the liabilities of one if he breaches the agreement." Litterer v. United States, 545 F. Supp. 3d 625, 635 (N.D. Ill. 2021) (citation omitted); Plitt, et al., 1 Couch on Insurance § 1.25 (3d ed. 2023) ("The mere contractual agreement to obtain insurance in the future is not itself a contract of insurance."); cf. A.F. Lusi, 847 A.2d at 259 (rejecting the proposition that the subcontractor's certificate of insurance that it provided to the general contractor required the insurer to provide insurance and a defense against claims concerning the general contactor's own negligence). Here, based on the language of the contract, the denial of coverage does not constitute a breach on MECC's part. See Lifespan/Physicians Pro. Servs. Org., Inc. v. Combined Ins. Co. of Am., 345 F. Supp. 2d 214, 224 (D.R.I. 2004) (finding that any misunderstanding or misleading concerning the nature of insurance coverage did not constitute a breach); see also Perez v. Morse Diesel Int'l, Inc., 782 N.Y.S.2d 53, 53 (N.Y. App. Div. 2004) (finding the insurer's

9

refusal to indemnify the defendant did not constitute a breach of third-party's obligation to procure insurance). Thus, the fact that Old Republic denied coverage does not mean MECC becomes the insurer.

In its opposition, IHI takes issue with MECC's assertion that it complied with its contractual obligations by including an additional insured endorsement. See Mem. Supp. IHI's Obj. MECC's Mot. Dismiss 3, ECF No. 31-1. IHI contends that MECC did not comply with the contract because MECC failed to specifically name IHI as an additional insured in the endorsement with Old Republic. Id. Doing so, IHI argues, would have made MECC fully compliant with the contract. Id.

The problem with IHI's argument is two-fold. First, the contract does not require MECC to name IHI as an additional insured; it only requires that IHI "shall be additional insured." Terms and Conditions 4. In the Declaratory Judgment Action, there is no dispute that IHI is an additional insured. See IHI Countercl. 5-6; Old Republic Ins. Co.'s Mem. Supp. Obj. IHI's Mot. Partial Summ. J. 8-10, Old Republic Ins. Co. v. Walker, No. 1:23-cv-00491 WES (D.R.I. Apr. 16, 2024), ECF No. 34-1. Second, failure to specifically name IHI as an additional insured is not the basis of MECC's breach according to the TPC.[6] See TPC ¶¶ 30-37.

---

[6] IHI alleges in its TPC that, because Old Republic denied coverage, MECC breached the insurance provision in the contract

10

Moreover, according to IHI's own allegations in its counterclaim against Old Republic, MECC's failure to specifically identify IHI as an additional insured is not the basis of Old Republic's denial of coverage. See IHI Countercl. 5-7. Old Republic denied coverage because Walker's complaint does not suggest that MECC was at fault for his injuries. Id. at 6; see Compl. ¶¶ 27-47. Taken together, IHI fails to state a plausible breach of insurance procurement obligation claim.

## IV. CONCLUSION

Based on the reasons above, MECC's Motion to Dismiss Count II of IHI's Amended Third-Party Complaint, ECF No. 30, is GRANTED.

IT IS SO ORDERED.

*/s/ Wesmith*
William E. Smith
District Judge
Date: August 27, 2024

---

and thus must defend and indemnify IHI "as if IHI had been properly named as an additional insured thereunder." TPC ¶ 37. The Court does not interpret the quoted language as IHI alleging that MECC breached its insurance procurement obligation by not specifically naming IHI in the endorsement. Rather, the quoted language acts as a dependent clause that describes the extent to which MECC is allegedly required to defend and indemnify IHI.